FILED
MAY 0 8 2006
U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JORGE A. LOPEZ,<br><br>                      Debtor.<br><br>ILENE J. LASHINSKY, UNITED STATES TRUSTEE,<br><br>                      Plaintiff,<br>vs.<br><br>JORGE A. LOPEZ,<br><br>                      Defendant. | Chapter 7<br><br>No. 4-05-bk-03615-JMM<br><br>Adversary No. 4-05-ap-00212-JMM<br><br>**MEMORANDUM DECISION** |

        At issue in this case is whether the Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4) by his failure to initially list a diamond ring and a Rolex watch in his schedules. Based on the evidence presented at trial on May 8, 2006, the court finds and concludes:

        1.    The diamond ring is worth $800.

        2.    The Rolex watch is worth $900.

        3.    The ring was not initially entitled to an exemption, under ARIZ. REV. STAT. § 33-1125(4), because it is not the Debtor's engagement ring. It is merely an item of property.

h:\wp\orders\

4. The Rolex watch would also not be exempt, since it is not the same watch which the Debtor originally listed and valued at $40. Therefore, it was not initially entitled to the exemption contained in ARIZ. REV. STAT. § 33-1125(6).

5. The Debtor listed both items in amended schedules filed on September 26, 2005 and February 24, 2006.

6. The Debtor claimed both items as exempt on the amended schedules.

7. Thereafter, neither the Trustee nor any other creditor or party in interest objected to the exemptions claimed, as required by FED. R. BANKR. P. 4003(b) to be filed within 30 days after the meeting of creditors or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later.

8. 11 U.S.C. § 522(1) provides that unless a party in interest objects, property claimed as exempt is entitled to the exemption claimed.

9. Thus, as a matter of law, the $900 Rolex and $800 ring are therefore entitled to an exemption. *Taylor v. Freeland and Kronz*, 503 U.S. 638 (1992).

10. The Debtor did not intentionally or fraudulently make a material false oath which would be sufficient to preclude discharge pursuant to 11 U.S.C. § 727(a)(4). The Debtor's explanations as to why these items were not initially listed were credible, and these relatively small amounts do not amount to materially false omissions.

11. Additionally, even assuming the items were not exempt, the Trustee stated that they were of inconsequential value to creditors, and the case was still a "no asset" one.

12. Judgment shall be entered for the Debtor, by separate judgment. FED. R. BANKR. P. 9021.

DATED:   May 8, 2006.

_____
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below this 8 day of May, 2006, upon:

Raymond R. Hayes
Bridegroom & Hayes
1656 N. Columbus Blvd.
Tucson, AZ 85712
Email bridegroomhayes@ultrasw.com

Jonathan E. Hess
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003-1607
E-mail Jon.E.Hess@usdoj.gov

Daniel Dominguez
Chapter 7 Trustee
2210 N. Indian Ruins Road
Tucson, AZ 85715
U.S. Mail

By /s/   M. B. Thompson
     Judicial Assistant

h:\wp\orders\

3